[Cite as *State v. Edding*, 2026-Ohio-2908.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.     31567 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LAMAR BRIAN EDDING | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CR-24-07-2440(A) |

DECISION AND JOURNAL ENTRY

Dated: July 29, 2026

FLAGG LANZINGER, Judge.

{¶1}    Lamar Brian Edding appeals from the judgment of the Summit County Court of Common Pleas.  For the following reasons, this Court affirms in part, reverses in part, and remands the matter for proceedings consistent with this decision.

I.

{¶2}    On July 15, 2024, police executed a search warrant on Edding's home.  Drugs, including fentanyl-related drugs, and multiple guns were recovered from the residence.  An indictment was filed charging Edding with one count of having weapons while under disability.  The charge was accompanied by seven forfeiture specifications related to the firearms.  In October 2024, a supplemental indictment was filed.  Therein, Edding was charged with trafficking in a fentanyl-related compound, possession of a fentanyl-related compound, aggravated trafficking in drugs, and two counts of aggravated possession of drugs.

{**¶3**}     Edding filed a motion to suppress, asserting that the search warrant was not based on probable cause, the search went beyond the scope specified in the warrant, and that Edding's statements to police should be suppressed as fruit of the poisonous tree and as violating Edding's *Miranda* rights.  The matter proceeded to a suppression hearing.  At the end of the hearing, the trial court denied the motion.

{**¶4**}     Edding then entered a no contest plea and was sentenced.  Edding now appeals, raising three assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN DENYING MR. EDDING'S MOTION TO SUPPRESS THE EVIDENCE SEIZED PURSUANT TO A SEARCH WARRANT THAT WAS ISSUED AND EXECUTED IN VIOLATION OF HIS RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{**¶5**}     Edding argues in his first assignment of error that the trial court erred in denying his motion to suppress.  Specifically, he asserts that the search warrant affidavit was not based on probable cause and relied on stale information.  Additionally, he maintains that the search warrant was overly broad.  With respect to this latter argument, he did not raise that argument in his motion to suppress.  Accordingly, he has forfeited that argument for purposes of appeal.  *State v. Opheim*, 2025-Ohio-1211, ¶ 5 (9th Dist.).

{**¶6**}     A motion to suppress evidence presents a mixed question of law and fact.  *State v. Burnside*, 2003-Ohio-5372, ¶ 8.  "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses."  *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992).  Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent,

credible evidence." *Burnside* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19 (1982). "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Burnside* at ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist. 1997). Accordingly, this Court grants deference to the trial court's findings of fact but conducts a de novo review of whether the trial court applied the appropriate legal standard to those facts. *State v. Booth*, 2003-Ohio-829, ¶ 12 (9th Dist.).

{¶7} However, "[i]f a trial court fails to make findings of fact, this Court cannot conduct the review required by *Burnside* because we 'cannot determine the extent to which the facts in the record were considered by the trial court.'" *Opheim* at ¶ 7, quoting *State v. Anderson*, 2023-Ohio-2364, ¶ 34 (9th Dist.), quoting *State v. Purefoy*, 2017-Ohio-79, ¶ 18 (9th Dist.). "In those circumstances, this Court must 'remand [the] matter for the trial court to make factual findings and then address the motion to suppress in the first instance.'" *Opheim* at ¶ 7, quoting *Purefoy* at ¶ 18.

{¶8} Here, the trial court did not make findings of fact. At the end of the suppression hearing, the trial court merely stated that the "motion to suppress is denied. I feel there was probable cause to execute the warrant. I don't find anything irregular in the way it was executed." Similarly, the judgment of conviction simply reflects that a hearing on the motion to suppress was held and that "[u]pon due consideration[,]" the motion was denied. Consequently, this Court is unable to address the merits of Edding's arguments with respect to the issues of probable cause and the alleged staleness of the information in the search warrant affidavit. *See Opheim*, 2025-Ohio-1211, at ¶ 8 (9th Dist.).

{¶9} Edding's first assignment of error is overruled with respect to his argument concerning over breadth of the search warrant. As to his remaining arguments in this assignment

of error, we reverse and remand the matter for the trial court to make findings of fact and address the motion to suppress in the first instance. *See id.*

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN IMPOSING THE MANDATORY NATURE OF APPELLANT'S NON-LIFE INDEFINITE TERM OF IMPRISONMENT.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT IMPOSED THE MANDATORY NATURE OF APPELLANT'S NON-LIFE INDEFINITE TERM OF IMPRISONMENT.

{¶10} In his second and third assignments of error, Edding challenges the imposition of a mandatory sentence. However, in light of the resolution of Edding's first assignment of error, these assignments of error are premature.

### III.

{¶11} Edding's first assignment of error is sustained in part and overruled in part. His second and third assignments of error are premature. The matter is remanded to the trial court for it make findings of fact and address the motion to suppress in the first instance.

Judgment affirmed in part,
reversed in part,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

JAMES K. REED, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.